**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**LOCAL UNION NO. 212 INTERNATION-**
**AL BROTHERHOOD OF ELECTRICAL**
**WORKERS, Defendant-Appellant.**

**No. 72–1552.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 30, 1972.

Decided Jan. 23, 1973.

Robert I. Doggett, Cincinnati, Ohio, for defendant-appellant.

Joel L. Selig, U. S. Department of Justice, Washington, D. C., William W. Milligan, U. S. Atty., David L. Norman, Asst. Atty. Gen., U. S. Department of Justice, Washington, D. C., on brief; David L. Rose, Frank Petramalo, Jr., Department of Justice, Washington, D. C., James W. Hengelbrok, Cincinnati, Ohio, of counsel, for plaintiff-appellee.

Before CELEBREZZE, McCREE and LIVELY, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of Ohio requiring Appellant Union to participate in the Journeyman's Employment Training (JET) Program, a minority employment and training program in the general Cincinnati, Ohio, area. The purpose of the JET Program is the recruitment and training of minority residents of the Cincinnati area whose experience in construction is insufficient to qualify them for referral and who are beyond the maximum apprenticeship age.

This action originated in 1967 under Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 2000e. The action alleged a violation of the Act by the Union in denying union membership and employment opportunities in the electrical construction industry to blacks on account of their race or color. The background of this case is reported at 292 F.Supp. 413 (S.D.Ohio 1968). In its original order, the District Court ordered that the Union and the Joint Apprenticeship and Training Program (JATC) were "permanently enjoined from engaging in any employment practice which discriminates on the basis of race or color." 292 F.Supp. at 460. The Court retained jurisdiction as to the Union "for all purposes, including a continuing evaluation of the effectiveness of this decree."

In 1970, the Court modified its order to permit the Union to return to its former journeyman work referral system for whites but ruled that the modified requirements for blacks must still be used. The Court also modified the order to permit the Union to cooperate with the JET Program. In its order of April 3, 1972, from which this appeal is taken, the Court granted the Government's motion to require the Union to participate in the JET Program.

The Appellant Union first contends that the District Court lacked the power to modify its decree. As noted, the District Court retained jurisdiction in this case "for all purposes." We hold that the District Court had jurisdiction and was acting within its authority in issuing its modified order. EEOC v. United Association of Journeymen and Apprentices of Plumbing and Pipefitting Industry of United States and Canada, Local Union No. 189, 438 F.2d 408 (6th Cir. 1971). *See also,* United States v. United Shoe Machinery Corp., 391 U.S. 244, 88 S.Ct. 1496, 20 L.Ed.2d 562 (1968); King-Seeley Thermos Co. v. Aladdin Industries, Inc., 418 F.2d 31 (2d Cir. 1969). At the time of the District Court's original order, the JET Program was not yet in existence.

The Union further contends that the order of the District Court requiring it to participate in the JET Program violates the equal protection and due

process clauses of the Fifth and Fourteenth Amendments to the Constitution because it imposes a mandatory quota of 11% black membership in the union and grants black persons a preference over whites with equal or greater qualifications. We reject this contention and hold that the JET Program is not prohibited by the Fifth or Fourteenth Amendments. *Contractors Ass'n of Eastern Pa. v. Secretary of Labor,* 442 F.2d 159, 176 (3d Cir. 1971); *Southern Illinois Builders Ass'n v. Ogilvie,* 471 F.2d 680 (7th Cir. 1972).

■■■ The Union next contends that the order of the District Court violates the prohibition on preferential treatment contained in the Civil Rights Act, 42 U.S.C. § 2000e–2(j).[1] We have previously considered the meaning of this section and its relation to the purposes of the Act. *United States v. International Brotherhood of Electrical Workers, Local No. 38,* 428 F.2d 144 (6th Cir. 1970). As we stated in that case:

> "When the stated purposes of the Act and the broad affirmative relief authorization [42 U.S.C. § 2000e–6] are read in context with § 2000e–2(j), we believe that section cannot be construed as a ban on affirmative relief against continuation of effects of past discrimination resulting from present practices (neutral on their face) which have practical effect of continuing past injustices.
>
> "Any other interpretation would allow complete nullification of the stated purposes of the Civil Rights Act of 1964." 428 F.2d 144, 149–150.

It also appears from the legislative history of certain proposed amendments to 42 U.S.C. § 2000e–2(j) that it is not the intent of Congress to forbid remedies of the kind used in this case. *See* 118 Cong.Record S. 691–706, S. 2275–76 (Jan. 28 and Feb. 22, 1972), where the discussions indicate that the proposed amendments, which were defeated, would overrule the decisions in *United States v. Ironworkers Local 86, infra* and *Contractors Ass'n. of Eastern Pa. v. Secretary of Labor, supra,* and prohibit the type of remedies used in those cases.

When a court has determined that a violation of Title VII has occurred, it is vested with broad remedial power to remove the vestiges of past discrimination and to eliminate and prevent both present and future barriers "to the full enjoyment of equal job opportunities by qualified black workers." *United States v. Ironworkers Local 86,* 443 F.2d 544, 553 (9th Cir. 1971), affirming 315 F. Supp. 1202 (W.D.Wash.1970), cert. denied, 404 U.S. 984, 92 S.Ct. 447, 30 L.Ed. 2d 367 (1971). *See Carter v. Gallagher,* 452 F.2d 315 (8th Cir. 1972); *Local 53 of International Association of Heat and Frost Insulators and Asbestos Workers v. Vogler,* 407 F.2d 1047 (5th Cir. 1969); *Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421 (8th Cir. 1970); *Culpepper v. Reynolds Metals Co.,* 421 F.2d 888 (5th Cir. 1970); *Contractors Ass'n. of Eastern Pa. v. Secretary of Labor,* 442 F.2d 159 (3rd Cir. 1971); *United States v. International Brotherhood of Electrical Workers, Local No. 38, supra,* 428 F.2d 144 (6th Cir. 1970). We find no abuse of discretion by the District Court in issuing its modified order.

The order of the District Court is affirmed.

---

1. Nothing contained in this subchapter shall be interpreted to require any employer, employment agency, labor organization, or joint labor-management committee subject to this subchapter to grant preferential treatment to any individual or to any group because of the race, color, religion, sex, or national origin of such individual or group on account of an imbalance which may exist with respect to the total number or percentage of persons of any race, color, religion, sex, or national origin employed by any employer, referred or classified for employment by any employment agency or labor organization, admitted to membership or classified by any labor organization, or admitted to, or employed in, any apprenticeship or other training program, in comparison with the total number or percentage of persons of such race, color, religion, sex, or national origin in any community, State, section, or other area, or in the available work force in any community, State, section, or other area.